**Lyle F. MILLER, Appellant,**

**v.**

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 81–1067.**

United States Court of Appeals, Eighth Circuit.

Submitted July 21, 1981.

Decided July 23, 1981.

[redacted]

Lyle F. Miller, pro se.

John F. Murray, Acting Asst. Atty. Gen., Michael L. Paup, Robert A. Bernstein, Gilbert S. Rothenberg, Attys., Tax Division, Dept. of Justice, Washington, D. C., for appellee.

Before HEANEY, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

The taxpayer, Lyle F. Miller, listed $4,200 on his 1975 return as income "other than wages, dividends, and interest." The Commissioner accordingly determined that Miller was liable for self-employment taxes on this amount. The taxpayer petitioned in the tax court to contest this determination. After responding to the petition, the Commissioner learned facts which led him to question the validity of the taxpayer's $4,000 charitable deduction for a donation to the Life Science Church. The tax court allowed the Commissioner to file an amended response and challenge the deduction. In the amended response the Commissioner alleged that the Life Science Church was not a tax-exempt entity but instead was a sham organization and the $4,000 charitable "donation" was refunded in full to the taxpayer as a "subsistence allowance."

The Commissioner moved to compel production of documents relating to the taxpayer's association with the Life Science Church, and the tax court granted the motion. Based on the documents the taxpayer produced, the Commissioner proposed a stipulation of facts (see Appendix). The taxpayer refused to execute the stipulation and instead offered to stipulate only that he lived in Richfield, Minnesota, and had timely filed a tax return for 1975. The tax court directed the taxpayer to execute a meaningful stipulation or the case would be dismissed. The taxpayer made no further efforts to stipulate, and the tax court dismissed the case upon the motion of the Commissioner and determined that the taxpayer owed $1,279.35 in taxes for the year 1975 ($410.35 in self-employment taxes, $869 due to the disallowed charitable contribution to the Life Science Church). The taxpayer appeals pro se.

Tax Court Rule 91(a)(1) requires parties to stipulate "all matters not privileged which are relevant to the pending case . . . ." Rule 91 also provides that if a party refuses to stipulate, the party proposing a stipulation may move the court to compel stipulation, and if there is no adequate response, the matters in the proposal will be

deemed stipulated. Based on this rule, the taxpayer urges that "the most" that the tax court could do after he refused to agree to the Commissioner's proposal was to deem the matters in the proposal stipulated.

We find this contention frivolous. Although the tax court could have simply deemed the matters stipulated, the tax court was not required to do so. The sanction provided by Rule 91 is not exclusive. We note that Tax Court Rule 123 provides in part: "For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court ..., the Court may dismiss a case at any time and enter a judgment against the petitioner."

█ In this case, the taxpayer failed to follow Tax Court Rule 91 and execute a meaningful stipulation. Further, the tax court instructed the taxpayer to stipulate, but he refused to do so and gave no justification[1] for his inaction. Under these circumstances, the tax court properly dismissed the case under Tax Court Rule 123.

█ The taxpayer also contends that the tax court denied him due process of law. We disagree. The taxpayer was not arbitrarily denied a neutral forum in which he could present the merits of his claim. Instead, he lost his right to trial on the merits due to his own disregard of the tax court's instructions.

Accordingly, the decision of the tax court is affirmed.

## APPENDIX

### STIPULATION OF FACTS

It is hereby stipulated and agreed that, for the purpose of this case, the following statements may be accepted as facts and all exhibits referred to herein and attached hereto are incorporated in this stipulation and made a part thereof; provided, however, that either party may introduce other and further evidence not inconsistent with the facts herein stipulated.

1. Petitioner, at the time of the filing of the petition herein, had a legal address at 2121 West 77th Street, Richfield, Minnesota 56472.

2. Petitioner timely filed an individual income tax return for the year ended December 31, 1975, a copy of which is attached hereto as Exhibit 1–A.

3. In 1975 petitioner acquired documents entitled "Certificate of Ordination" and a "Doctor of Divinity" from the Life Science Church of Bloomington, an unincorporated auxiliary of the Basic Bible Church of America, an organization controlled by Jerome Daly. Copies of petitioner's Certificate of Ordination and Doctorate of Divinity are attached hereto Exhibits 2–B and 3–C. Respondent does not agree or stipulate that the Life Science Church is either a church or an educational organization within the meaning of the Internal Revenue Code.

4. In 1976 petitioner received a document purporting to be a church charter from the Life Science Church of Bloomington to operate as the Life Science Church of Richfield, a copy of this charter is attached hereto as Exhibit 4–D. Respondent does not agree or stipulate that petitioner is a church or that a church was actually established by the receipt of this document by petitioner.

5. On June 30, 1975, petitioner executed a document purporting to be a "Vow of Poverty," a copy of which is attached hereto as Exhibit 5–E. Respondent does not agree nor does he stipulate that this document constitutes a valid vow of poverty for federal income tax purposes.

6. Petitioner received the by-laws and principles of the alleged parent church of the Life Science Church of Richfield in 1976, copies of which are attached hereto as Exhibits 6–F and 7–G.

---

1. The taxpayer explained his refusal to stipulate on the grounds that "[t]he State of Minnesota confirmed that everything [relating to the Life Science Church] was sufficient and everything was proper and legal. And I see no reason to restipulate the facts that are concluded two years ago." Assuming that the Life Science Church is a church for state law purposes, it does not necessarily follow that it is a church for federal income tax purposes.

522

7. In 1976 petitioner received a direction from his alleged parent church to secure employment and to disseminate the tenets of the alleged parent church. A copy of this direction is attached hereto as Exhibit 8–H.

8. Petitioner wrote various checks from checking account number 27–220–3 at the Community State Bank of Bloomington, which account bears the title of the Life Science Church of Richfield. A copy of the check register allegedly maintained by petitioner for this account is attached hereto as Exhibit 9–I. Respondent does not agree nor does he stipulate that this check register accurately reflects the deposits to or checks written on this checking account.