PAUL J. AND MARGARET D. FARLEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Farley v. Commissioner
Docket No. 13543-79.
United States Tax Court
T.C. Memo 1981-606; 1981 Tax Ct. Memo LEXIS 140; 42 T.C.M. (CCH) 1457; T.C.M. (RIA) 81606; October 19, 1981. *140 Petitioners have failed to produce documents and answer respondent's interrogatories despite a specific order of this Court directing them to do so. Held, petitioners' failure constitutes a default under the circumstances of this case. Respondent's motion to impose sanctions seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, granted. Paul J. Farley and Margaret D. Farley, Pro se. J. Michael Melvin and Keith Aqui, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motion to impose sanctions under Rule 104(c)(3). After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*141 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's motion to impose sanctions under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, [2] filed on August 26, 1981. Respondent, in his notice of deficiency issued to petitioners on June 19, 1979, determined a deficiency in petitioners' Federal income tax for the taxable calendar year 1976 in the amount of $ 1,468.85. [3]
*142 Petitioners resided at 1502 Bearss Avenue, Tampa, Florida, on the date they filed their petition. [4] They filed a joint 1976 Federal income tax return with the Internal Revenue Service. On November 6, 1979, respondent filed his answer to the petition. [5]
On April 15, 1981, respondent served on petitioners interrogatories and a request for production of documents. When petitioners failed to respond to those requests, respondent, on June 12, 1981, filed a motion for order compelling the petitioners to produce documents and to serve answers or submit objections to the request for documents and interrogatories or to impose sanctions under Rule 104. [6] The Court calendared respondent's motion for hearing at Washington, D.C., on July 15, 1981, by notice of hearing served on the parties on June 15, 1981. Petitioners did not appear, nor did they file a response to respondent's motion. The Court issued an order dated July 15, 1981, which was served on the parties on July 21, 1981, which stated, in pertinent part: *143 After due consideration, it is ORDERED that respondent's said motion is granted and the petitioners are directed on or before August 14, 1981, to produce documents and to serve answers or to submit objections to the request for documents and interrogatories duly served on them by respondent. Petitioners did not comply with the Court's July 15 order. Respondent, on August 26, 1981, filed his motion which is herein under consideration, a copy of which he served on petitioners on August 21, 1981. The Court by notice dated and served on the parties on August 28, 1981, calendared respondent's motion for hearing at Washington, D.C., on September 30, 1981. Petitioners did not appear nor did they file a response to respondent's motion. As we view this record, respondent's discovery requests sought information relevant and material to the contribution deduction at dispute. Petitioners have made absolutely no attempt to comply with those requests. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule 71, 72 * * *, the Court *144 may make such orders as to the failure as are just, and among others the following: (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. In the circumstances of this case, we conclude that petitioners' unjustified conduct constitues a default and that dismissal of this case for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Miller v. Commissioner, 654 F.2d 519 (8th Cir. 1981); Eisele v. Commissioner, 580 F.2d 805 (5th Cir. 1978); McCoy v. Commissioner, 76 T.C. 1027 (1981) (on appeal 9th Cir., Sept. 15, 1981). See also, Lockwood v. Commissioner, T.C. Memo. 1981-243 (on appeal 9th Cir., Aug. 20, 1981), and Antelman v. Commissioner, T.C. Memo. 1981-511. On this record, respondent's motion will be granted. An appropriate order and decision will be entered. Footnotes
1. Since respondent's motion is a pretrial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C., on September 30, 1981. Petitioners did not appear not did they file a response to respondent's motion, albeit a copy thereof was served on them by counsel for respondent on August 21, 1981, and a copy of the Court's notice of hearing was served on them by the Court on August 28, 1981.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure. Respondent, in his motion, seeks a default judgment under both Rules 104(c)(3) and 123(b). While we agree that Rule 123(b) may be used as a basis in these circumstances, we think Rule 104(c)(3)↩ is more appropriate when considering Rules 71 and 72, the discovery rules involved herein. The latter rule specifically provides that upon failure to answer interrogatories or to produce documents, the Court may render a default judgment.
3. The deficiency is predicated upon respondent's disallowance of deductions claimed by petitioners on their 1976 return for medical and dental expenses, a casualty and theft loss, and contributions to the Life Science Church or a chapter thereof.↩
4. No other document has been filed by petitioners in this case. ↩
5. At which time issue was joined. See Rule 38.↩
6. Respondent served a copy of his motion on petitioners on June 9, 1981.↩