FRANKLIN A. RIEHLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Riehle v. Commissioner
Docket Nos. 2111-78, 8911-78, 19062-80.
United States Tax Court
T.C. Memo 1982-141; 1982 Tax Ct. Memo LEXIS 611; 43 T.C.M. (CCH) 827; T.C.M. (RIA) 82141; March 22, 1982. *611 Petitioner has failed to produce documents and answer respondent's interrogatories despite a specific Order of this Court directing him to do so. Held, Petitioner's failure constitutes a default under the circumstances of this case. Respondent's Motion for Order Imposing Sanctions seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Joseph W. Weigel, for the petitioner. Edward G. Langer and Tom P. Quinn, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: These consolidated cases were assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's motions for order imposing sanctions under Rule 104(c)(3). After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*612 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: These cases are before the Court on respondent's motions for order imposing sanctions under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, [2] filed on February 4, 1982. Respondent, in his notices of deficiency issued to petitioner on December 27, 1977, July 10, 1978 and July 16, 1980, respectively, has determined deficiencies in petitioner's Federal income taxes and in additions to the tax for the taxable calendar years 1973 to 1978, inclusive, in the following respective amounts: Additions to Tax, I.R.C. 1954
Docket No.
Year
Income Tax
Section 6653 (a) [3]
2111-78
1973
$ 3,061.04
2111-78
1974
4,644.59
8911-78
1975
6,153.00
$ 308.00
8911-78
1976
7,077.00
354.00
19062-80
1977
9,633.05
481.65
19062-80
1978
632.90
However, based on the primary position of respondent, as determined in his deficiency notices, respondent, by and through his motions herein under consideration, *613 now advises that the correct income tax deficiencies and additions to the tax for the years at bar herein are as follows: [4]
Additions to Tax, I.R.C. 1954
Docket No.
Year
Income Tax
Section 6653(a)
2111-78
1973
$ 1,361.17
2111-78
1974
2,462.53
8911-78
1975
3,345.70
$ 167.29
8911-78
1976
3,470.00
173.50
19062-80
1977
4,047.12
202.36
19062-80
1978
632.90
Petitioner resided in Milwaukee, Wisconsin on the dates he filed his petitions. He filed Federal income tax returns for the years involved herein with the Internal Revenue Service Center at Kansais City, Missouri. In docket No. 2111-78, the petition was filed on March 2, 1978, the answer was filed on April 14, 1978 and a reply was filed on May 8, 1978. In docket no. 8911-78, the petition was filed on July 28, 1978 and *614 the answer was filed on August 18, 1978. In docket no. 19062-80, the petition was filed on October 14, 1980 and the answer was filed on November 25, 1980. Thus, in each of these cases the pleadings are closed. See Rules 38 and 70(a)(2). The primary issue involved in these cases relates to a "family trust" created by petitioner. Petitioner, while attending an informal discovery conference with respondent's counsel on January 7, 1981, agreed to provide the requested information and documents. [5] When that agreement was breached, respondent, on March 13, 1981, served on petitioner's counsel [6] a document request and an interrogatory request. An examination of those requests reveal that they seek answers and documents relevant and material to the primary issue at dispute in these cases. When petitioner's counsel failed to timely respond thereto, respondent filed motions to compel compliance therewith on June 4, 1981. Those motions came on for hearing at Washington, D.C., on July 8, 1981, at which time petitioner's counsel and not complied with respondent's discovery requests, nor did he file a response to respondent's motions. [7] The Court, in its Order of July 8, 1981, in *615 granting respondent's motions, directed: * * * [Petitioner] to answer respondent's interrogatories and to produce the documents * * * on or before August 24, 1981. Since petitioner's counsel had not complied with our July 8 Order respondent, on September 22, 1981, filed motions for an order imposing sanctions. Those motions were calendared for hearing at Washington, D.C. on October 21, 1981. [8] No appearance was made by or on behalf of petitioner at that hearing nor was *616 a response to respondent's motions filed. However, it was disclosed at the hearing that, on or about October 8, 1981, petitioner's counsel served on respondent's trial counsel a document entitled "Response to Request for Schedule of Requested Documents and Information". [9] A review of that response together with respondent's discovery requests disclosed the former to be deficient. On October 28, 1981 we served on counsel for petitioner and respondent an Order together with a Memorandum Sur Order (both of which are dated October 27, 1981), wherein we gave counsel for petitioner until December 31, 1981 in which to properly respond to respondent's discovery requests. [10] In our Memorandum Sur Order we quoted the pertinent provisions of Rules 71 and 72, relating to interrogatories and the production of documents and things, in issuing the following warning -- *617 Respondent's discovery requests are clear and unambiguous and they should be answered. As mentioned hereinbefore, we think petitioner's response is deficient. Reluctantly, the Court is going to give petitioner's counsel, an officer of this Court, a further opportunity to properly respond to respondent's discovery requests. In the event he does not do so, the Court may make an order dismissing the case or any part thereof or it may render a judgment by default against the disobedient party. Rule 104 (c)(3). [Case citations omitted]." Again, when no timely compliance to our October 27, 1981 Order was made, respondent, on February 4, 1982, filed the motions herein being considered. By notice of hearing dated February 5, 1982, respondent's motions were set for hearing at Washington, D.C. on March 10, 1982. [11] No appearance was made by or on behalf of petitioner nor was a response to respondent's motions filed. Of paramount significance, neither the Court's October 27, 1981 Order nor the rules of this Court have been complied with. *618 Although given ample opportunity to comply with respondent's highly relevant interrogatory and document requests, petitioner's counsel has not done so and there is not one adequate reason extant in these records to explain his failure to comply. He has, in essence, ignored the notices and Orders issued to him by the Court and, by his inexcusable conduct, shown complete and utter disrespect for the rules of this Court. Indeed, his failure to act has cost petitioner his "day in Court". As we view these records, respondent's discovery requests sought information and documents relevant and material to the "family trust" issue at dispute. Petitioner simply has made no proper attempt to comply with those requests despite two Orders issued by this Court with respect thereto. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule 71, 72 * * *, the Court may make such orders as to the failure as are just, and among others the following: (3) An order striking out pleadings or parts thereof, or staying further proceedings until the *619 order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. In the circumstances of these cases, we conclude that petitioner's persistent, stubborn, unexplained and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of these cases for failure to comply with our rules and a specific Order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); McCoy v. Commissioner,76 T.C. 1027 (1981) (on appeal 9th Cir., Sept. 15, 1981); Swift v. Commissioner,T.C. Memo. 1981-713; Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595; Antelman v. Commissioner,T.C. Memo. 1981-511; Lockwood v. Commissioner,T.C. Memo. 1981-243 (on appeal 9th Cir., Aug. 20, 1981). [12]
In these circumstances and on these records, *620 respondent's motions will be granted. However, decision shall be entered in the lesser amounts requested by respondent in his motions. An appropriate order and decision will be issued.
Footnotes
1. Since respondent's motion is a pretrial motion and there is no geniune issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that Rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on March 10, 1982. No appearance was made by or on behalf of petitioner nor was a response to respondent's motions filed, albeit a copy of respondent's motions and a copy of the Court's notice of hearing were served on petitioner's counsel by the Court on February 5, 1982.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. The correct income tax deficiencies and additions to the tax, which respondent requests we find in any decision entered, are predicated upon recomputations attached to respondent's motions, wherein respondent has allowed petitioner a deduction for a number of items, inter alia, consultant fees from trust, interest expense, real estate taxes and personal exemptions.↩
5. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1). 6. Petitioner's counsel is no stranger to cases involving "family trusts". Our research has disclosed that he has litigated at least 21 such cases in this Court, in which opinions have been filed and decisions entered. Moreover, he has filed an appeal in at least 12 of those cases with the United States Court of Appeals for the Seventh Circuit. ↩
7. Notwithstanding the fact that copies of those motions together with a copy of the Court's notice of hearing were served on petitioner's counsel on June 8, 1981.↩
8. A copy of those motions together with a copy of the Court's notice of hearing were served on petitioner's counsel by the Court on September 23, 1981. ↩
9. A copy of that document was received by the Court as respondent's Exhibit A. ↩
10. In so doing we denied respondent's motions without prejudice to the right to renew at a later date for good cause shown.↩
11. A copy of that notice together with a copy of respondent's motions were served on counsel for petitioner by the Court on February 5, 1982.↩
12. See and compare, Miller v. Commissioner,654 F.2d 519 (8th Cir. 1981); Emigh v. Commissioner,T.C. Memo. 1981-514↩.