ALBERTO CHALMETA and LUCINA CHALMETA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Chalmeta v. Commissioner
Docket No. 22139-81.
United States Tax Court
T.C. Memo 1982-568; 1982 Tax Ct. Memo LEXIS 175; 44 T.C.M. (CCH) 1272; T.C.M. (RIA) 82568; September 29, 1982. *175 Petitioners have failed to produce documents despite a specific order of this Court directing them to do so. Held, petitioners' failure constitutes a default under the circumstances of this case. Respondent's Motion to Impose Sanctions seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Alberto Chalmeta and Lucina Chalmeta, pro se. Richard M. Duncan, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion to Impose Sanctions under Rule 104(c)(3). After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
*176 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions under Tax Court Rule 104(c)(3) filed on August 17, 1982. [2]
Respondent, in his Notice of Deficiency issued to petitioners on May 27, 1981, determined a deficiency in petitioners' Federal income tax and an addition to the tax for the taxable calendar year 1979 in the following respective amounts: Addition to Tax, I.R.C. 1954
Year
Income Tax
Section 6653(a) [3]
1979
$4,942.32
$247.11
The adjustments to petitioners' income as determined by respondent in his deficiency notice are as follows: Rental Expense
$4,454.84 Rental Depreciation
1,855.00 Depreciation (Schedule C)
2,368.00 Credit for personal exemptions
(5,000.00)
[4] $3,677.84 Petitioners resided at 4821 Birch *177 Lane, Alexandria, Virginia on the date the petition was filed. They filed a joint 1979 Federal income tax return with the Internal Revenue Service. On October 2, 1981, respondent filed his answer. Thus, the pleadings are closed. See Rules 34, 36, 38 and 70(a)(2). At paragraph 4 of the petition it is alleged-- Miss Penny, who did the assessment, did her best to harass me requesting even the presentation of my previous year tax report which had been audited in her office. I will therefore present any evidence the Tax Court requests to dispute all items in the Notice of Defficiency (sic). After several unsuccessful attempts by respondent to make arrangements for informal consultations with petitioners, as required by this Court's Rules and the mandate of its opinions, [5] respondent, on April 8, 1982, served on petitioners a request for production of documents. See Rule 72. An examination of those requests reveals that they seek documents relevant and material to the issues at dispute herein. When petitioners failed to timely respond thereto, respondent, pursuant to Rule 104(b), filed a motion to compel compliance therewith on June 2, 1982. [6] By Notice of Filing dated *178 and served on petitioners on June 3, 1982 the Court gave petitioners until June 17, 1982 in which to file an objection to respondent's motion. On June 21, 1982 they filed a Notice of Objection which advises in salient part-- We do not want to submit documents to opposing counsel now because said counsel might use any or all of these documents to prejudice our case. [7]
After considering petitioners' Notice of Objection the Court, in its Order of June 30, 1982, a copy of which was served *179 on petitioners on July 2, 1982, stated as follows: * * * it is ORDERED that respondent's motion to compel production of documents is granted in that petitioners are directed to produce to respondent's counsel those documents requested in respondent's request for production of documents served on petitioners on April 8, 1982, on or before July 15, 1982. Since petitioners did not comply with our June 30, 1982 Order respondent, on August 17, 1982, filed his motion herein under consideration. [8] That motion was calendared for hearing at Washington, D.C. on September 15, 1982. While petitioners did not appear they filed a Notice of Objection to Motion to Impose Sanctions on September 15, 1982, in which they assert-- The letter we received from the United States Tax Court dated June 30, 1982 [our June 30, 1982 Order] requesting documents was not signed, not even by the Clerk of the Court (copy attached). We naturally thought that this was another ruse of the IRS to underhandedly obtain information for the pending case without having to go to Court. As we are aware that the IRS does not accept *180 any unsigned statement of any citizen, we do not think an unsigned order has legal value. Petitioners' contention that our Order of June 30, 1982 because it is unsigned is of no "legal value" borders on the frivolous. The Court's official files are public records open to inspection as is the record in this case. The original of the June 30, 1982 Order contained in this record is signed and a conformed copy thereof was served on petitioners on July 2, 1982. Service of the conformed copy on petitioners is valid. [9]
Although given ample opportunity to comply with respondent's highly relevant document requests, petitioners have not done so and there is not one legally sufficient reason extant in this record to explain their failure to comply. They have, in essence, ignored the notices and Orders issued to them by the Court and, by their inexcusable conduct, shown complete and utter disrespect for the rules of this Court. Indeed, their failure to act has cost them their "day in Court". As we view this record, respondent's discovery requests sought *181 documents relevant and material to the issues at dispute. Petitioners simply have made no attempt to comply with those requests despite a specific order of this Court directing them to do so. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by this Court with respect to the provisions of Rule * * * 72, * * * the Court may make such orders as to the failure as are just, and among others the following: (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. In the circumstances of this case, we conclude that petitioners' persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Rechtzigel v. Commissioner,79 T.C. 132 (1982); *182 McCoy v. Commissioner,76 T.C. 1027 (1981) (on appeal 9th Cir., Sept. 15, 1981); Riehle v. Commissioner,T.C. Memo. 1982-141 (on appeal 7th Cir., July 9, 1982); Swift v. Commissioner,T.C. Memo. 1981-713; Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595 (on appeal 5th Cir., March 29, 1982); Antelman v. Commissioner,T.C. Memo. 1981-511; Lockwood v. Commissioner,T.C. Memo. 1981-243 (on appeal 9th Cir., Aug. 20, 1981). [10]
On this record, respondent's Motion will be granted. An appropriate order and decision will be entered.
Footnotes
1. Since respondent's motion is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on September 15, 1982. Petitioners did not appear. However, they did file a Notice of Objection to Motion to Impose Sanctions on September 15, 1982.
2. All rule references herein are to the Tax Court Rules of Practice and Procedure.↩
3. All section references are to the Internal Revenue Code of 1954, as amended.↩
4. In addition, respondent has disallowed an investment credit claimed by petitioners on their 1979 return for carpet and an automobile.↩
5. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1). 6. Respondent served a copy of his motion on petitioners on June 1, 1982.↩
7. There is absolutely no support for this statement in this record. We note that respondent's determination for the addition to the tax is under section 6653(a) [negligence addition] not section 6653(b) [fraud addition]. We observe further that the burden of proof with respect to each item at dispute is on petitioners [not respondent]. See Rule 142(a) and Welch v. Helvering,290 U.S. 111↩ (1933).
8. Respondent served a copy of his motion on petitioners on August 12, 1982↩
9. See and compare Rule 23(a)(3) and 23(b); Rule 5(b), Federal Rules of Civil Procedure↩.
10. See and compare, Miller v. Commissioner,654 F.2d 519 (8th Cir. 1981); Emigh v. Commissioner,T.C. Memo. 1981-514↩.