LEONARD MURMES and BARBARA MURMES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Murmes v. Commissioner
Docket Nos. 9992-80, 10436-80.
United States Tax Court
T.C. Memo 1983-55; 1983 Tax Ct. Memo LEXIS 733; 45 T.C.M. (CCH) 605; T.C.M. (RIA) 83055; January 31, 1983. *733 Petitioners have failed to produce documents and answer interrogatories despite a specific order of this Court directing them to do so. Held, petitioners' failure constitutes a default under the circumstances of these cases. Respondent's Motion to Impose Sanctions filed in each case is granted in that a judgment for default will be entered. Rule 104(c)(3), Tax Court Rules of Practice and Procedure.
Paul E. Morton, for the petitioners. Pamela V. Gibson and Samuel E. Berger, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: These consolidated cases were assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion to Impose Sanctions filed in each case pursuant to Rule 104(c). [1] After a review of these records, we agree with and adopt his opinion which is set forth below. [2]
*734 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: These consolidated cases are before the Court on respondent's Motion to Impose Sanctions filed in each case on December 9, 1982, pursuant to Rule 104(c). Respondent, in this notice of deficiency issued to petitioners on March 28, 1980 determined deficiencies in petitioners' Federal income tax for the taxable calendar years 1976 and 1977 in the respective amounts of $4,466.62 and $5,538.40. [3] The adjustments determined by respondent in his deficiency notice are as follows: 1976
1977
Interest Income
$ 42.00
Business Expenses
16,891.56
17,762.00
Medical and Dental Expenses
677.33
5,897.00
Contributions [4]
965.00
$17,610.89
$24,624.00
Petitioners resided at 37 Westbourne Road, Newton Center, Massachusetts on the date they filed their petitions. They filed joint 1976 and 1977 Federal *735 income tax returns with the Internal Revenue Service Center at Andover, Massachusetts. The petitions were timely filed [5] and respondent has filed his answers. Respondent's motions herein being considered were filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. We are satisfied that respondent has attempted to attain the objectives of formal discovery through informal requests, consultation and communication, both with petitioners and later with their counsel, as required by this Court's rules and the mandate of its opinions. [6] When those attempts proved fruitless respondent, on November 16, 1981 served on petitioners' counsel a request for production of documents and a 10 paragraph interrogatory request. A review of those requests reveals that they seek documents and answers which are highly relevant and material to the issues at dispute in these cases. The interrogatories are simple and straight *736 forward and in our view all of the answers to the interrogatories are within the personal knowledge of petitioners and could have been easily answered. With respect to the documents, they too should have been in the possession of petitioners or easily obtainable and produced. [7] When petitioners' counsel failed to respond to respondent's requests, the latter filed motions to compel compliance therewith on September 23, 1982. A copy of the motion, which was filed in each case, was served on petitioners' counsel by the Court on September 28, 1982 together with a copy of the Court's Notice of Filing, which gave petitioners' counsel until October 18, 1982 in which to file a Notice of Objection. When no such notice was received was issued an order dated October 25, 1982, a copy of which was served on counsel for the parties on October 29, 1982, which states in pertinent part-- *737 ORDERED that respondent's motion is granted and petitioners shall on or before November 25, 1982, produce to respondent's counsel [all] the documents requested in respondent's request for production of documents served on petitioners' counsel on November 16, 1981, and serve on respondent's counsel separate answers to each of respondent's interrogatories served on petitioners' counsel on November 16, 1981. No answers to the interrogatories have ever been served on respondent's trial counsel. At the January 12, 1983 hearing respondent's counsel advised that petitioners, on December 13, 1982, had supplied some documents pertaining to business logs or diaries but that none of those documents had been prepared contemporaneously at the time the alleged expenses were incurred and some had been prepared specifically for the audit of petitioners' income tax returns. We find, on this record, petitioners' production of documents to be deficient. Since petitioners' counsel did not comply with our October 25, 1982 order respondent filed his motions herein under consideration. As noted earlier herein there was no appearance by or on behalf of petitioners at the hearing and no response *738 to respondent's motion was filed. Although given more than an ample opportunity to comply with respondent's highly relevant document and interrogatory requests, petitioners' counsel has not done so and he has not given any reason in this record to explain his failure to comply. He has, in essence, ignored and defied our order of October 25, 1982, and our notices of September 28, 1982 and December 13, 1982 and, by his inexcusable conduct, shown complete and utter disrespect for the rules of this Court. Indeed, his failure to act has worked to petitioners' detriment. [8]
Respondent, in his motion, interalia, requests that the Court impose "any other sanctions it deems appropriate, *739 as provided by T.C. Rule 104(c)". As we view these records, respondent's discovery requests sought informaton and documents highly relevant and material to the issues at dispute. Petitioners simply have made no attempt to properly comply with those requests despite a specific order of this Court directing them to do so. Rule 104, respecting enforcement actions and sanctions, provides in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an order made by the Court with respect to the provisions of Rule * * * 71, 72 * * * the Court may make such orders as to the failure as are just, and among others the following: (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. In the circumstances of these cases, we conclude that petitioners' persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of these cases for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). *740 See Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Rechtzigel v. Commissioner,79 T.C. 132 (1982) (on appeal 8th Cir. Aug. 30, 1982); McCoy v. Commissioner,76 T.C. 1027 (1981) (on appeal 9th Cir., Sept. 15, 1981); Riehle v. Commissioner,T.C. Memo. 1982-141 (on appeal 7th Cir., July 9, 1982); Swift v. Commissioner,T.C. Memo. 1981-713; Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595 (on appeal 5th Cir., March 29, 1982); Antelman v. Commissioner,T.C. Memo. 1981-511; Lockwood v. Commissioner,T.C. Memo. 1981-243 (on appeal 9th Cir., Aug. 20, 1981). [9]
Accordingly, respondent's motion filed in each case will be granted and a default judgment will be entered in each case. Appropriate orders and decisions will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Since respondent's motion is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182 are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on January 12, 1983. No appearance was made by or on behalf of petitioners and no response to respondent's motion was filed, albeit a copy thereof was served on petitioners' counsel by respondent on December 6, 1982 and a copy of the Court's Notice of Hearing was served on petitioners' counsel on December 13, 1982. Petitioners' counsel entered his appearance in the case designated docket no. 9992-80 on October 5, 1981 and in the case designated docket no. 10436-80 on February 17, 1981.↩
3. A portion of the income tax deficiency is attributable to self-employment tax determined to be due for the taxable years 1976 and 1977 as follows: $1,208.70 and $1,303.50, respectively.↩
4. In addition, a claimed dependency exemption has been disallowed for the taxable year 1977.↩
5. Although respondent issued a single joint deficiency notice petitioners have filed two petitions with respect thereto, one for the taxable year 1976 (docket no. 10436-80), and the other for the taxable year 1977 (docket no. 9992-80).↩
6. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1). 7. We observe that petitioners, in paragraph 5 of their petition filed at docket no. 9992-80 on June 19, 1980 repeatedly state--"We have the required substantiation for the claimed expenses". Why hasn't it been produced? We observe further, that these cases have twice been calendared for trial. The first time they were stricken from the calendar on the informal request of petitioner, Leonard Murmes. The second time they were continued for settlement when counsel for the parties advised in open Court that a basis for settlement had been reached. Thereafter, when the parties were unable to agree upon the settlement, we granted respondent's motion to restore the cases to the general docket.↩
8. We are aware of the fact that respondent's counsel did not receive the discovery information sought as petitioners' counsel had advised him that he had not received any of the information from petitioners, despite repeated requests therefor. But this does not excuse petitioners' counsel from properly responding to the Court's October 25, 1982 order and its notices. Moreover, on these records, petitioners, in essence, have totally failed to properly comply with respondent's requests.↩
9. See and compare, Miller v. Commissioner,654 F.2d 519 (8th Cir. 1981); Emigh v. Commissioner,T.C. Memo. 1981-514↩.