ETHEL KUEVER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kuever v. Commissioner
Docket No. 9684-79.
United States Tax Court
T.C. Memo 1983-58; 1983 Tax Ct. Memo LEXIS 736; 45 T.C.M. (CCH) 619; T.C.M. (RIA) 83058; January 31, 1983. *736 Petitioner has failed to produce documents and answer interrogatories despite a specific order of this Court directing her to do so. Held, petitioner's failure constitutes a default under the circumstances of this case. Respondent's Motion to Impose Sanctions seeking a judgment for default under Rule 104(c)(3), Tax Court Rules of Practice and Procedure, is granted. Brian J. Fahey, for the petitioner. Michael J. Cooper and Patrick Putzi, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of conducting the hearing and ruling on respondent's Motion to Impose Sanctions under Tax Court Rule 104(c)(3). [1] After a review of the record, we agree with and adopt his opinion which is set forth below. [2]
*737 OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This case is before the Court on respondent's Motion to Impose Sanctions under Tax Court Rule 104(c)(3), filed on November 29, 1982. Respondent, in his Notice of Deficiency issued to petitioner on April 11, 1979, determined a deficiency in petitioner's Federal income tax for the taxable calendar year 1975 in the amount of $27,887.10. This case involves the disallowance of depreciation, investment credit and other items pertaining to a limited partnership known as Somerset Associates (commonly known as a negative pickup movie shelter). See, e.g., Wildman v. Commissioner,78 T.C. 943 (1982); Siegel v. Commissioner,78 T.C. 659 (1982). Petitioner resided at 406 Doral Drive, Warson Woods, Missouri on the date her petition was filed. She and her husband, who died sometime after 1975, filed a joint 1975 Federal income tax return with the Internal Revenue Service. The petition was timely filed on July 6, 1979 and respondent filed his answer, after a jurisdictional matter respecting petitioner's deceased husband was disposed of, on November 20, 1979. Thus, the pleadings are *738 closed. See Rules 34, 36, 38 and 70(a)(2). The record is crystal clear that respondent has exhaustively attempted to attain the objectives of formal discovery through informal requests, consultation and communication as required by this Court's rules and the mandate of its opinions. [3] When those attempts proved fruitless respondent, on July 23, 1982, served on petitioner's counsel a request for production of documents and a 121 paragraph interrogatory request. A review of those requests reveals that they seek documents and answers relevant and material to the issues at dispute in this case. When petitioner's counsel failed to timely respond thereto, respondent filed motions to compel compliance therewith on September 17, 1982. A copy of those motions were served on petitioner's counsel by the Court on September 21, 1982 together with a copy of the Court's Notice of Filing, which gave petitioner's counsel until October 12, 1982 in which to file a notice of objection thereto. When no such notice was received we issued an order, dated October 19, 1982, which was served on the parties on October 20, 1982, which states in pertinent part-- *739 it is ORDERED that respondent's motions are granted in that petitioner shall on or before November 22, 1982, produce to respondent's counsel those documents requested in respondent's request for production of documents served on petitioner's counsel on July 23, 1982, and serve on respondent's counsel separate answers to each interrogatory served on petitioner's counsel on July 23, 1982. Since petitioner's counsel did not comply with our October 19, 1982 order respondent filed his motion herein under consideration. As noted earlier herein there was no appearance by or on behalf of petitioner at the hearing and no response to respondent's motion was filed. Although give more than an ample opportunity to comply with respondent's highly relevant document and interrogatory requests, petitioner's counsel has not done so and there is no one reason extant in this record to explain his failure to comply. He has, in essence, ignored and defined our order of October 19, 1982, and our notice of September 21, 1982 and, by his inexcusable conduct, shown complete and utter disrespect for the rules of this Court. Indeed, his failure to act has worked to petitioner's detriment. As we *740 view this record, respondent's discovery requests sought information and documents relevant and material to the issues at dispute. Petitioner simply has made to attempt to comply with those requests despite a specific order of this Court directing her to do so. Rule 104, respecting enforcement actions and sanctions, provided in pertinent part as follows: (c) Sanctions: If a party * * * fails to obey an of Rule * * * 71, 72, * * * the Court may make such orders as to the failure as are just, and among others the following: (3) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the case or any part thereof, or rendering a judgment by default against the disobedient party. In the circumstances of this case, we conclude that petitioner's persistent, stubborn and, thus, unwarranted and unjustified conduct constitutes a default and that dismissal of this case for failure to comply with our rules and a specific order of this Court is, albeit a severe sanction, appropriate under Rule 104(c)(3). See Eisele v. Commissioner,580 F.2d 805 (5th Cir. 1978); Rechtzigel v. Commissioner,79 T.C. 132 (1982) *741 (on appeal 8th Cir., Aug. 30, 1982); McCoy v. Commissioner,76 T.C. 1027 (1981) (on appeal 9th Cir., Sept. 15, 1981); Riehle v. Commissioner,T.C. Memo. 1982-141 (on appeal 7th Cir., July 9, 1982); Swift v. Commissioner,T.C. Memo. 1981-713; Farley v. Commissioner,T.C. Memo. 1981-606; Gaar v. Commissioner,T.C. Memo. 1981-595 (on appeal 5th Cir., March 29, 1982); Antelman v. Commissioner,T.C. Memo. 1981-511; Lockwood v. Commissioner,T.C. Memo. 1981-243 (on appeal 9th Cir., Aug. 20, 1981). [4]
On this record, respondent's motion will be granted. An appropriate order and decision will be entered.
Footnotes
1. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Since respondent's motion is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182 are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. The parties were afforded a full opportunity to present their views on the law at the hearing at Washington, D.C. on January 5, 1983. No appearance was made by or on behalf of petitioner and no response to respondent's motion was filed, albeit a copy thereof together with a copy of the Court's Notice of Hearing were served on petitioner's counsel by the Court on December 6, 1982.↩
3. See International Air Conditioning Corp. v. Commissioner,67 T.C. 89, 93 (1976); Branerton Corp. v. Commissioner,61 T.C. 691, 692↩ (1974); Rule 70(a)(1).
4. See and compare, Miller v. Commissioner,654 F.2d 519 (8th Cir. 1981); Emigh v. Commissioner,T.C. Memo. 1981-514↩.