VICTOR S. SCHAUER and VIOLET B. SCHAUER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schauer v. Commissioner
Docket No. 30203-83.
United States Tax Court
T.C. Memo 1987-237; 1987 Tax Ct. Memo LEXIS 237; 53 T.C.M. (CCH) 793; T.C.M. (RIA) 87237; May 7, 1987. Victor S. Schauer, pro se. James E. Kagy, for the respondent. GALLOWAY
MEMORANDUM FINDINGS OF FACT AND OPINION GALLOWAY, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(3) by section 1556 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined deficiencies in petitioners' income taxes and additions to tax as follows: Deficiency in
Taxable Year
Income Tax and
Additions To Tax
Ended
Self-Employment Tax
Sec. 6653(a)
12/31/79
$3,638.43 $181.92 12/31/80
2,924.22
146.21
*239 For each of the years, the issues for our decision are: (1) whether the income from an insurance business is taxable to petitioners or to the V. Family Schauer Trust; (2) if the income from the business is taxable to petitioners, whether respondent correctly determined income and expenses of the insurance business and other income and deductions reportable by and allowable to petitioners; (3) whether petitioners are liable for additions to tax under section 6653; and (4) whether damages should be awarded to the United States under section 6673. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners were residents of 448 N. Delaware Street, Mt. Gilead, Ohio, at the time their petition was filed. In April of 1980 and 1981, petitioners filed Forms 1041 (U.S. Fiduciary Income Tax Return) for the years 1979 and 1980 for organizations designated as "The V. Schauer Family Trust" in 1979 and "North Delaware Trust" in 1980 (the Trust). [2] The 1979 Form 1041 was signed by Victor S. Schauer as "Trustee." The 1980 Form 1041 was signed by Violet B. Schauer as "Agent." The Forms 1041 reported the following income and deductions: 1979
1980
Net business Schedule C income
from insurance sales
$13,185.39 $15,924.19 Charitable deduction
(2,928.00)
(3,626.38)
Other deductions
(4,792.85)
(2,544.75)
[3] Income distribution deduction (5,464.54)
(9,753.06)
Taxable Income
Tax Liability
*240 On their 1979 and 1980 tax returns, petitioners reported in gross income distributions from the Trust in the respective amounts of $3,278.75 and $5,911.84. Petitioners also reported small amounts of interest, dividend and rental income and zero tax liability for each year. When petitioners' tax returns were examined, petitioners refused to provide respondent's agents with a copy of the trust instrument. Respondent disregarded the Trust for tax purposes. He reduced petitioners' taxable income by the amounts reported as income distributions from the Trust. Respondent further adjusted petitioners' taxable income by: (1) including in *241 gross income insurance sales (as reported on Schedule C of the 1979 and 1980 Trust returns) in the respective amounts of $22,921.96 and $22,351.75; (2) allowing as insurance business expenses, $4,307.64 of $9,736.37 deductions claimed on Schedule C of the 1979 Trust return and $4,762.56 of $6,427.56 deductions claimed on Schedule C of the 1980 Trust return; (3) reducing petitioners' 1979 reported rental income from the Trust by the amount of $2,540.44; and (4) allowing petitioners itemized deductions verified in excess of the $3,400 zero bracket amount. Respondent also calculated self-employment taxes on Victor Schauer's net profit from insurance sales, determined additions to tax under section 6653(a), and determined petitioners' investment credit and political contributions credit. OPINION The first issue to be decided is whether income and expenses from the insurance business of Victor S. Schauer (petitioner) is reportable on his individual tax returns. Respondent has determined that the Trust should be disregarded for tax purposes. He has included in petitioner's gross income all income from insurance sales reported by petitioner on the Trust returns and has allowed as deductions *242 all insurance business expenses verified. Petitioner filed his petition with this Court on October 24, 1983, in which he alleges in part: 4. The determination of tax set forth in the said notice of deficiency is based upon the following errors: A. The Commissioner obtained figures for taxable gross income from a Form 1041, filed under the name of the V. Schauer Family Trust, #31-6201515. The Commissioner made an assignment of income from the trust to the petitioners. B. The Commissioner accepted income figures reported on Form 1041 and accepted part of the offsetting expenses and deductions to arrive at a taxable income. C. The Commissioner used the same erroneous income figure to compute self employment tax. D. Assuming in the alternative that the assignment of income by the Commissioner was proper; however the proper deductive offsetting expenses were not allowed. 5. The facts upon which the Petitioners rely, as the basis of their case, are as follows: A. The Commissioner made an arbitrary assignment of income without substantiation or investigation. The facts, in the eyes of the Petitioners, prove that the Commissioner was totally in error in the assumptions *243 made to authorize an assignment of income. The Commissioner has violated his own regulations by assigning income from the entity responsible for the earning of said income to a different entity. B. The Commissioner has made an arbitrary and improper determination that the V. Schauer Family Trust is a Grantor type Trust under Section 671 of the IRC. The Petitioners allege that this Trust is not a Grantor Type Trust, that all items reported under this Trust are correct and properly reported thereon and that, therefore, this disallowance of distribution of Beneficial Interest is improper. C. The Commissioner has made no investigation to ascertain that this creation of a family estate trust, the assignment of all income thereto and deduction of itemized items by said trust constitute a sham transaction, not recognized for tax purposes. The Commissioner has used a procedure which would definitely be improper and illegal for any taxpayer to use and is in violation of all rules for conducting an audit and presenting the results of such audit when he made unsubstantiated assumptions as far as the specific details of the Trust and when he used erroneous figures *244 for computation of taxes. D. In the alternative position taken, the commissioner did not proper [sic] allow itemized deductions for medical, auto, and office expense. Wherefore, the petitioners prays [sic] that this court may try the case and ascertains [sic] the validity of the V. Schauer Family Trust and its proper creation for tax purposes or in the alternative make reasonable allowances for itemized deductions which were only partially or not allowed at all. Respondent's answer was signed on December 2, 1983, by his Acting Assistant District Counsel in Cincinnati, Ohio, and filed with the Court on December 5, 1983. The case was set for trial on January 13, 1986, at Columbus, Ohio. Petitioner filed a Motion For Continuance based on his notarized affidavit dated January 3, 1986. Petitioner's motion for continuance was granted by the Court on January 14, 1986. When this case was called for trial on December 8, 1986, petitioner orally moved that the case be continued on the ground that respondent was improperly represented by an attorney who did not sign respondent's answer.[4] Petitioner's motion was denied. Petitioner persisted in arguing his motion despite the *245 Court's ruling even though he was advised more than once to proceed with presenting his case; that the burden of proving he had created a valid trust for tax purposes and that the Commissioner had failed to allow the correct amount of business and itemized deductions was on him, not respondent. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Nevertheless, petitioner declined the opportunity to present evidence in support of the allegations set forth in his petition, except to state that he had been engaged in the insurance business for approximately 15 years and that prior to 1979, he reported insurance income and expenses on his individual tax returns. Consequently, the evidence in the record consists of a stipulation of facts which specifies petitioner's name, residence and filing status and contains copies of the notice of deficiency and individual and fiduciary tax returns. This stipulation of facts was reluctantly agreed to by petitioner only after respondent made three requests for petitioner to stipulate pursuant to Rule 91(a). However, petitioner refused to produce and stipulate a copy of the Trust instrument. [5]
*246 Petitioner's reasons for his refusal to stipulate the Trust instrument as part of the record and his failure to bring a copy of that document to trial have no merit. Nevertheless, rather than dismiss this case under Rule 123(b) [6] for failure to properly prosecute, we kept the record open so that petitioner could submit a copy of the Trust to the Court in accordance with his vague assertion that the Trust instrument would somehow show insurance commissions were payable to and taxable to the Trust rather than petitioner. Petitioner requested and was granted 60 days to furnish the promised document. In order to provide for written briefs in accordance with Rule 151, the Court, on December 10, 1986, ordered respondent to file a brief after receipt of his copy of the Trust instrument followed by petitioner's brief in reply to respondent's arguments and respondent's motion for damages under section 6673. Rather than comply with the Court's order, petitioner filed a "supplemental memorandum" [7] in furtherance of his previously rejected oral motion made at trial to continue the case. Petitioner's memorandum was filed as petitioner's information report. On February 25, 1986, we modified *247 our previous order. The record was closed without the Trust instrument or briefs of the parties and the case was deemed fully submitted for decision. It is clear from this record that this case is similar to many family trust cases that this and other Courts have decided adversely to taxpayers in recent years. See Whitesel v. Commissioner,T.C. Memo. 1983-9, affd. without published opinion 745 F.2d 59 (6th Cir. 1984); Vercio v. Commissioner,73 T.C. 1246 (1980); *248 Markosian v. Commissioner,73 T.C. 1235 (1980); and innumerable memorandum opinions of this Court. [8] In Vercio, we held that the purported conveyance of the taxpayer's income to trusts was merely an assignment of income ineffective to shift the incidence of taxation to the trusts on amounts paid to the taxpayer as compensation for services. We also held that the taxpayer husband and wife were to be treated as owners of the entire trust under sections 671 and 677. Respondent has requested that we sustain his similar determination in this case. It is well established that when a party fails to produce evidence in his possession which, if persuasive from a taxation standpoint, would be favorable to him, his failure to present such evidence creates the presumption that the evidence if produced would be harmful to his cause. See Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158, 1165 (1946), *249 affd. 162 F.2d 513 (10th Cir. 1947). It is also well settled that deductions are matters of legislative grace. Deputy v. duPont,308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934); Rickard v. Commissioner,88 T.C. 188, 196 (1987). Petitioner has failed to furnish any authority in the Code or Court decisions authorizing the deductions claimed by him on the Trust returns in calculating his individual taxable income for the years in issue. See Welch v. Helvering,supra.Respondent is sustained on this issue. As previously stated, respondent calculated petitioner's business insurance profit by including in income receipts disclosed on Schedule Cs attached to the Trust returns and allowing as deductions expenses on those forms, to the extent verified from petitioner's records. Respondent's examining agent also allowed itemized deductions verified in excess of the $3,400 zero bracket amount, determined self-employment tax liability, reduced rental income and adjusted claimed credits. Petitioner has alleged in his petition that he is entitled to nonbusiness deductions *250 and credits in excess of those allowed by respondent, but has failed to present any evidence of deductions allowable in excess of those calculated by respondent. Accordingly, respondent's determination of allowable business and nonbusiness deductions, income tax liability and self-employment tax liability is sustained. Petitioner has the burden of proving that respondent improperly determined an addition to tax under section 6653 for negligence or intentional disregard of rules and regulations. Petitioner has failed to present any evidence that respondent's determination is erroneous. Accordingly, respondent is sustained on this issue. See Bixby v. Commissioner,58 T.C. 757, 792 (1972). Finally, we consider respondent's motion for an order awarding damages under section 6673 on the ground that petitioner instituted and has maintained this proceeding primarily for delay and that petitioner continues to maintain a position in this case which is frivolous and groundless. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position *251 in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as part of the tax. We have awarded damages to the United States on our own motion in appropriate cases where we are convinced that a taxpayer's position in the proceeding is frivolous and groundless and the proceeding was instituted for delay. See Coulter v. Commissioner,82 T.C. 580 (1984); Abrams v. Commissioner,82 T.C. 403 (1984). In many later cases, we have awarded damages to the United States in response to respondent's motion for damages in an appropriate amount. Our research has not revealed a case where we have awarded damages in cases holding that family trusts are devices for tax avoidance. However, we have declined awarding damages under section 6673 in several family trust cases only because of factors separate and apart from the family trust transactions. [9]
*252 In this case, respondent filed his answer on December 5, 1983, and the case was at issue. See Rule 638. On November 13, 1985, almost two years later, the Court served petitioner with a notice setting the case for trial at Columbus on January 13, 1986. Petitioner's motion for continuance filed with the Court at Columbus on January 13, 1986, was granted on January 14, 1986, for medical reasons alleged in petitioner's affidavit. However, petitioner's primary ground for the continuance was his contention that he was not given "sufficient notice" of the trial date, i.e., he should have been given 90 days rather than 60 days under Rule 132(a). [10] Petitioner also claimed in his affidavit attached to the petition that he had "not had sufficient time to draw up * * * stipulations or respond to the respondent's stipulations," and that he had "not asked for a prior continuance and this requested continuance is not an action of being dilatory." On October 15, 1986, counsel for respondent again corresponded with petitioner concerning a proposed stipulation of facts with respect to the trial scheduled on December 8, 1986. He received no reply. Respondent wrote again to petitioner on November 20, 1986, and *253 requested that the proposed stipulation of facts be executed. Respondent also mailed petitioner copies of our Markosian and Vercio cases. Petitioner was advised that his "family estate" claim was similar to those decided adversely to taxpayers in Markosian and Vercio and that if he pursued this claim, respondent would file a motion for damages under section 6673. Respondent also enclosed a copy of our decision in Sauers v. Commissioner,T.C. Memo. 1984-367, to illustrate the conduct of taxpayers justifying an award of damages.
Petitioner has found it appropriate to misread or misinterpret our Rules 24(b) and 132(a) to his advantage in attempting to secure continuances. However, he finds no fault in ignoring other rules of this Court when it suits his convenience. Petitioner has refused to stipulate "documents and papers * * * which fairly should not be in dispute" (Rule 91(a)); he has filed an untimely motion for continuance on the trial date (Rule 134); and during and after *254 trial he has steadfastly refused to heed the urging of the Court that he shoulder the burden of proving his case as required by Rule 142(a). Moreover, petitioner reneged on his assertion that he would provide the court with a copy of the Trust document and instead renewed in writing his previously rejected oral motion to continue the trial of the case. Since petitioner has abused the process of this Court primarily (if not entirely) for reasons of delaying and thus avoiding a determination of his tax liability rather than trying this case, we award the United States damages in the amount of $2,000. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated, and any "Rules" reference shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
2. The 1980 form disclosed that the North Delaware Trust was formerly referred to as the V. Schauer Family Trust. The employer identification number on each form is 31-6201515. The forms indicated that the Trust was created on September 28, 1978. ↩
3. Forms K-1 attached to Forms 1041 reveal that income of the purported trust was to be distributed as follows: Victor S. Schauer, 40%; Violet B. Schauer, 20%; Barbara J. Kruger of Union Lake, MI, 25%; Jill M. Kruger, Katherine J. Kruger, and Christopher J. Kruger, all of Union Lake, MI, 5% each.↩
4. Petitioner argued that his motion should be granted under our Rule 24(c), which states: "Counsel of record desiring to withdraw his appearance * * * must file a motion with the Court requesting leave therefor." (Emphasis added.) According to petitioner, trial of this case could not continue until respondent's Acting Assistant District Counsel who signed the answer files a motion to withdraw as counsel of record. Petitioner is mistaken. Section 7452 (Representation Of Parties) provides in part that: "The Secretary shall be represented by the Chief Counsel for the Internal Revenue Service or his delegate↩ in the same manner before the Tax Court as he has heretofore been represented in proceedings before such Court." (Emphasis added.) Since counsel of record for the Commissioner before this Court is always Chief Counsel of the Internal Revenue Service, who by law cannot withdraw his appearance, Rule 24(c) does not and is not intended to apply to any attorney delegated by Chief Counsel to represent the Commissioner in a particular case. 5. Respondent's counsel stated that petitioner had refused to furnish respondent's employees a copy of the Trust document since "day one."↩
6. Rule 123(b) provides in part: "For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss at any time and enter a decision against the petitioner." Cf. Miller v. Commissioner,654 F.2d 519, 521 (8th Cir. 1981), affg. per curiam an unpublished order of this Court for failure to stipulate. See also Bressler v. Commissioner,T.C. Memo. 1986-4↩, and Rule 149(b). 7. Petitioner refused to submit a copy of the Trust, advising the Court that submission of the Trust document "would be an act of futility and economic waste."↩
8. E.g., Miller v. Commissioner,T.C. Memo. 1986-278; Sampson v. Commissioner,T.C. Memo. 1986-231; duBois v. Commissioner,T.C. Memo. 1986-160; Pfluger v. Commissioner,T.C. Memo. 1986-78↩.
9. See Miller v. Commissioner,T.C. Memo. 1986-278 (other deductions conceded by respondent); Sampson v. Commissioner,T.C. Memo. 1986-231 (jurisdictional issue involved for two of the five years under consideration); duBois v. Commissioner,T.C. Memo. 1986-160↩ (issue other than the family trust issue presented).
10. Rule 132(a) provides in part that notice of the trial date "ordinarily↩ will be given not less than 90 days in advance of the trial calendar." (Emphasis added.)