**Darryl S. and Arlyne M. LONG, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 84–1347.

United States Court of Appeals, Eighth Circuit.

Submitted July 24, 1984.

Decided Sept. 12, 1984.

Rehearing and Rehearing En Banc Denied Oct. 15, 1984.

**1142**

Darryl S. and Arlyne M. Long, pro se.

Glenn L. Archer, Jr. Asst. Atty. Gen., Michael L. Paup, Richard Farber, Bruce R. Ellisen, Attys. Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Before HEANEY, BRIGHT, and ROSS, Circuit Judges.

PER CURIAM.

Darryl S. and Arlyne M. Long (taxpayers) appeal from a decision of the United States Tax Court dismissing their petitions for redetermination of deficiencies in their income tax and upholding the Commissioner of Internal Revenue's determination of deficiencies and tax penalties totalling over $98,000. We affirm.

In March 1982, the Commissioner issued two notices of deficiency to taxpayers, covering the years 1978–80. Taxpayers petitioned the United States Tax Court for redetermination of the deficiencies. The Commissioner then contacted taxpayers on several occasions and attempted to work out a stipulation of facts and documents not in dispute, pursuant to Tax Court Rule 91. Taxpayers would not cooperate.

On September 19, 1983, the case was called from the calendar of the Tax Court's trial session at St. Paul, Minnesota. Taxpayers appeared pro se. No stipulation was submitted, so the court directed the parties to meet again and develop a stipulation before the trial date of September 26, 1983. Taxpayers did meet with the Commissioner's attorneys and produced numerous financial records. Nevertheless, the parties were not able to reach a stipulation.

At the trial, the Commissioner reviewed taxpayers' failure to cooperate in reaching a stipulation and moved for dismissal of the case under Tax Court Rule 123(b). Rule 123(b) provides:

*Dismissal:* For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof * * *.

Responding to the Commissioner's motion, taxpayers argued that they had attempted to develop a stipulation in their meetings prior to trial.

Taxpayers also argued the merits of their petitions for redetermination. They claimed that the income in question was not attributable to them but to a trust established by taxpayer Darryl Long. It appears that the sole property of the trust was Darryl Long's labor and the right to income derived from that labor. Taxpayers refused to submit the entire trust indenture as evidence, despite the court's statement that "nothing has been stipulated from the record that you have turned over or from any of these documents, and there is nothing before the court at the moment upon which the court could make a decision other than in favor of the Respondent."

The court then granted the Commissioner's motion and dismissed the petitions for redetermination.

In a memorandum issued with its order of dismissal, the court stated that it was dismissing the petitions solely because of taxpayers' unreasonable refusal to cooperate in the preparation of a stipulation. Dismissal is a harsh remedy but we think it is justified by the facts of this case. Taxpayers were persistently resistant to the Commissioner's attempts to reach a stipulation, and no stipulation was ever achieved. In addition, the court gave taxpayers a generous opportunity to state their case for redetermination of the deficiencies, yet they failed to produce any admissible evidence in support of their claims. It appears from the taxpayers' testimony that this trust it was simply an attempt to transfer the incidence of taxation away from taxpayers by an assignment of lifetime services. In *Vnuk v. Commissioner of Internal Revenue,* 621 F.2d 1318 (8th Cir.1980), a panel of this court held that such a trust does not shift the burden of taxation.

The court's decision to dismiss the petitions because of taxpayers' failure to properly prosecute was a proper exercise of its discretion. The decision of the tax court is affirmed.