T.C. Memo. 2002-57

UNITED STATES TAX COURT

INTEREX, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17030-99.                    Filed February 27, 2002.

Paul J. Dee, Jr., for petitioner.

Carina J. Campobasso, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined a deficiency of $67,473
in petitioner's Federal income taxes for 1994 and a penalty of
$5,070 under section 6662.  After concessions, the issues for
decision are whether petitioner is entitled to a deduction for
professional fees in the amount of $65,000 for 1994 and whether
petitioner is liable for the penalty.  Unless otherwise

indicated, all section references are to the Internal Revenue Code in effect for the year in issue.

FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner is a corporation located in Amesbury, Massachusetts, at the time that its petition was filed.

Petitioner was in the business of designing, storing, and refurbishing trade show exhibits. Petitioner began its business in mid-September 1993. Tamara C. Olbres (Olbres) was the 100-percent shareholder and president of petitioner.

In 1994, petitioner was a C corporation. Petitioner used the accrual method of accounting. On its Form 1120, U.S. Corporation Income Tax Return, for 1994, petitioner claimed a deduction for professional fees in the amount of $66,865. The amount deducted was based in part on an adjusting entry to accrue a professional fee in the amount of $65,000. The Form 1120 reported compensation paid to Olbres in the amount of $42,000, salary and wages expense of $6,723, and taxable income of $75,689. Petitioner's Form 1120 was prepared and signed by George Coupounas (Coupounas), who represented himself to be a knowledgeable certified public accountant and attorney.

An audit of petitioner's Federal income tax return for 1994 was commenced in early 1997, and an inquiry was made into the

accrual of the $65,000 professional fee.  During the audit, petitioner was represented by Coupounas.  Coupounas stated that the $65,000 was for his services and that he had never billed petitioner and had not been paid for the services.  He declined to provide time sheets reflecting services performed for petitioner.  In August 1998, Olbres signed a check payable to Coupounas for $65,000.  At the direction of Coupounas, Olbres dated the check December 31, 1998.  The check was delivered to Coupounas in August 1998 and was negotiated by him and cleared petitioner's bank account in August 1998.  Before delivering the check to Coupounas, Olbres did not receive from Coupounas any invoice or other itemization of the services for which payment was allegedly made.

## OPINION

Petitioner argues that the professional fees were incurred during the year in issue.

Under the accrual method of accounting, a liability is incurred, and generally is taken into account for Federal income tax purposes, in the taxable year in which all the events have occurred that establish the fact of the liability, the amount of the liability can be determined with reasonable accuracy, and economic performance has occurred with respect to the liability. Sec. 1.461-1(a)(2), Income Tax Regs.

The only evidence offered at trial by petitioner was the canceled check and the testimony of Olbres. Olbres testified that she never had any discussions with Coupounas as to how he would charge petitioner for accounting and legal services. She acknowledged that it was not petitioner's standard business practice to retain service providers or suppliers without knowing what they were going to charge. She attempted to explain her reliance on Coupounas by reference to his history of preparation of tax returns for her parents and for her. Coupounas declined to cooperate with petitioner's counsel, and there are no documents in the record reflecting services allegedly performed by Coupounas for petitioner other than the tax return prepared by him.

We are not persuaded that economic performance with respect to the professional fees claimed had occurred during the year in issue. Coupounas never submitted an invoice to petitioner, unlike other suppliers with whom petitioner did business. Based on the testimony and lack of contemporaneous documentation, we conclude that the amount of the professional fees for services allegedly rendered by Coupounas could not have been determined with reasonable accuracy by the end of 1994. Olbres also testified that, at the time she signed the return, she was not aware that more than $65,000 in professional fees expense was

claimed as a deduction.  She testified that she looked only at the bottom line.

With respect to the check written to Coupounas in August 1998, Olbres testified as follows:

> Q      When did you first become aware that the corporation owed Mr. Coupounas $65,000 for professional fees from the calendar year 1994?
>
> A      It was some time in August 1998.
>
> Q      And how did you become aware of that?
>
> A      Mr. Coupounas arrived at my office one day and told me that the corporation owed him $65,000 for services rendered that was claimed on the 1994 tax return, and he asked me to write him a check.
>
> Q      Now, at the time Mr. Coupounas came to you in August of 1998, and said "You owe me $65,000 for legal and accounting services," were you aware that Mr. Coupounas had rendered services to Interex, Inc. for which he had not been paid?
>
> A      Yes, I was.
>
> Q      When he told you you owed him $65,000 or the corporation owed him $65,000, did you ask him what services is this for, or what did you do for this money?
>
> A      No, I didn't.
>
> Q      Did you ask him whether he had kept any time records or any other types of records which would support that amount of $65,000?
>
> A      No, I didn't.
>
>               *     *     *     *     *     *     *
>
> Q      Is it your testimony that you paid Mr. Coupounas on December 31, 1998?

A    No.  I wrote the check sometime in August 1998.

Q    Who printed that date, December 31, 1998 on the check?

A    I did.

Q    Now, why would you give Mr. Coupounas a check in August of 1998 and date that check December 31, 1998?

A    That's the date that Mr. Coupounas asked me to reflect on the check.

Q    Mr. Coupounas asked you to put that date on the check?

A    Yes, he did.

Q    Did he tell you why he wanted you to put that date on the check?

A    No, he didn't.

Q    Did you ask him?

A    No, I didn't.

Q    Didn't that seem unusual to you writing a check in August and putting a December 31, 1998 date on it?

A    Yes, it seemed unusual.

Q    But even though it was unusual, you still didn't ask him?

A    That's correct.

Q    Why not?

A    It seemed unusual but I didn't think it was illegal, especially where the same year is reflected on the check, the year I wrote it.

Although Olbres identified a few services performed for petitioner by Coupounas, none of these services were specialized, unique, or otherwise reasonably valued at $65,000 during 1994. Her testimony does not support a finding that an expense in any amount was incurred during petitioner's 1994 tax year that would support a deduction by an accrual basis taxpayer. See sec. 461(a); sec. 1.461-1(a)(2)(i), Income Tax Regs.

Olbres' testimony concerning her unquestioning reliance on Coupounas is either improbable or indicative of unreasonable conduct. Her testimony that she did not look at anything other than the bottom line on the tax return that she signed is also improbable or indicative of negligence. According to the return, the professional fees claimed during the year in issue exceeded 150 percent of the compensation that she received as the executive and operating employee of the corporation. Although Coupounas was an accountant and an attorney, under the facts of this case we do not believe that Olbres reasonably relied on him with respect to the propriety of deducting $65,000 in accrued professional fees that were allegedly payable to Coupounas. Under these circumstances, a penalty for negligence under section 6662(a) is appropriate.

Decision will be entered

for respondent.