# United States Court of Appeals
## For the First Circuit

---

No. 02-1784

INTEREX, INC.,

Petitioner, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES TAX COURT

[Hon. Mary Ann Cohen, U.S. Tax Court Judge]

---

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Paul J. Dee, Jr. with whom Truelove, Dee, & Chase, LLP was on brief for appellant.

Marion E.M. Erickson, Attorney, Tax Division, with whom Eileen J. O'Connor, Assistant Attorney General, and Richard Farber, Attorney, Tax Division, were on brief for appellee.

---

February 28, 2003

---

**LYNCH**, **Circuit Judge**.  This case concerns the factual finding by the tax court that a business deduction, supposedly for counsel and accounting services, was improperly reported.  The petitioner argues that enough evidence was introduced to support the deduction, and that the tax court judge should have been recused.  Finding no factual or legal error, we affirm the holding of the tax court and the denial of the recusal motion.

## I.

In September 1993, Tamara Olbres incorporated Interex, Inc. in Massachusetts and was its sole shareholder and president. The company was in the business of designing, storing, and refurbishing trade show exhibits.  It used an accrual method of accounting, under which income and liabilities are included in the tax year in which "all events have occurred" to establish the right to receive the income or to establish the fact of liability.  See Treas. Reg. § 1.446-1(c)(ii) (2002); see also I.R.C. § 446(c)(2) (2000) (permitting the accrual method).[1]

When she formed Interex, Olbres asked George Coupounas, of Chestnut Hill, Massachusetts, to act as outside counsel and accountant for Interex.  Olbres and Coupounas never discussed the rate at which he would be paid for performing legal and accounting

---

[1] The other common method is the cash method, by which income and liabilities are measured when payment is actually received or made.  Id. § 1.446-1(c)(i).

services.  In 1993, on its federal tax return, Interex deducted $4,695 in fees paid to Coupounas.

Coupounas prepared Interex's 1994 federal tax return and signed it as the preparer.  Olbres signed the return as well, but if she read it at all, she did so cursorily.  On this return, Interex deducted $65,000 for accrued professional fees owed to Coupounas.  Coupounas never billed Interex for that amount.

In late 1996, the IRS began to examine Interex's 1994 tax return.  Coupounas was questioned by IRS agents but refused to provide time sheets to support the corporation's alleged liability. In January 1998, the IRS issued a Proposed Report of Income Tax Changes, which included, among the issues raised, a challenge to the $65,000 deduction for accrued professional fees.  The IRS investigation prompted activity.  In August 1998, at Coupounas's request, Olbres wrote him a check from Interex postdated December 31, 1998, purportedly in payment of the fees incurred in 1994.

## II.

On September 8, 1999, the Commissioner of the IRS issued a Notice of Deficiency under I.R.C. § 6212 which challenged, inter alia, the $65,000 in accrued professional fees.  Interex filed a petition with the tax court for redetermination of the deficiency. The other alleged deficiencies were settled; the only issue presented to the tax court was the $65,000 deduction and the accompanying negligence penalty under I.R.C. § 6662.

-3-

After trial, but before decision, Interex filed a motion for recusal of the tax court judge under 28 U.S.C. § 455(a). Interex argued that the judge was predisposed to find against Interex on the merits. The tax court denied the recusal motion.

On February 27, 2002, the tax court issued a memorandum opinion in favor of the IRS. It found that Interex had failed to show that economic performance with respect to the $65,000 in professional fees had occurred in 1994; that the amount of fees due to Coupounas "could not have been determined with reasonable accuracy by the end of 1994"; and that the services performed by Coupounas for Interex in 1994 were not "specialized, unique, or otherwise reasonably valued at $65,000." Finally, the court awarded negligence penalties under § 6662(a) because Olbres had not examined the tax return, other than the bottom line, when she signed. Interex, Inc. v. Comm'r, No. 17030-99, 2002 Tax Ct. Memo LEXIS 59, at *4, *7-*8 (T.C. Feb. 27, 2002).

Interex appeals both the decision of the tax court and the denial of the motion for recusal.

III.

We review decisions of the tax court "in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." I.R.C. § 7482(a)(1); see Medchem, Inc. v. Comm'r, 295 F.3d 118, 122 (1st Cir. 2002). The tax court's legal interpretations are reviewed de novo. Alexander v.

-4-

IRS, 72 F.3d 938, 941 (1st Cir. 1995).  We will overturn its factual findings only if they are clearly erroneous.  Capital Video Corp. v. Comm'r, 311 F.3d 458, 463 (1st Cir. 2002).  A finding is clearly erroneous when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Comm'r v. Duberstein, 363 U.S. 278, 291 (1960) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  We review a trial court's denial of a recusal motion for abuse of discretion.  In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001).

The burden of proof is generally on the taxpayer to demonstrate that the IRS's nondeductibility determination is in error.  U.S. Tax Ct. R. 142(a); United States v. Janis, 428 U.S. 433, 440 (1976).  Once "a taxpayer introduces credible evidence with respect to any factual issue," the burden shifts to the IRS on that issue.  I.R.C. § 7491(a)(1).

IV.

A.  Deduction of Professional Fees

I.R.C. § 162 permits deductions from income for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business."  Accrual method taxpayers may deduct expenses when they are incurred even if they have not yet been paid, as long as three factors are met: 1) all of

-5-

the events that establish the fact of the liability must have occurred; 2) the amount must be able to be determined "with reasonable accuracy"; and 3) economic performance must have occurred. Treas. Reg. § 1.461-1(a)(2)(i); see also id. § 1.461-4 (explaining economic performance). Whether a taxpayer has satisfied the "all events" test is a question of law we review de novo. Gold Coast Hotel & Casino v. United States, 158 F.3d 484, 487 (9th Cir. 1998).

At trial, the only person who testified on Interex's behalf was Olbres. She testified that she did not ask for nor did she ever see a bill for Coupounas's professional services. She did not ask what services Coupounas performed to be valued at $65,000, nor did she ask for or receive any time sheets or other supporting records. Furthermore, Olbres admitted that she did not carefully review the 1994 tax return. She was not even aware of the $65,000 debt until August 1998.

According to Olbres, Coupounas performed the following services: preparing tax returns; setting up the company's record-keeping system; preparing financial statements; reviewing letters and documents; advising Olbres with respect to the conversion of Interex from a subchapter C corporation to a subchapter S corporation; and answering legal questions.

1994 was not the only year in which Interex deducted sums for Coupounas's services. Deductions were taken for his services

in the years from 1993 to 1997; Coupounas never issued a bill to Olbres detailing his services from 1994 to 1997. Moreover, after 1993, Coupounas was not paid at all by Interex until the $65,000 check was written in 1998, only after the IRS began to investigate that deduction. Finally, there is no evidence that Coupounas was ever paid for the debts allegedly incurred after 1994, including $36,000 in fees deducted in the 1995 return.

Coupounas did not testify at trial, refused to provide documents to the IRS, and did not cooperate with the IRS. At the close of trial, the Tax Court instructed the parties that the court would entertain a motion to reopen the record within thirty days if Coupounas became available to testify in court or to be deposed. Interex later notified the court that no testimony or statement from Coupounas would be added to the record. Coupounas was under an apparent obligation to provide documents to Interex, his client, arising out of his charges for any services to the company. See Mass. R. Prof. C. 1.4(a). Nonetheless, Interex provided no bills from Coupounas or documentation of $65,000 worth of services incurred in 1994.

Given the sparse evidence entered into the record by the petitioner, the tax court upheld the denial of the deduction because it failed at least two of the three requirements of the "all events" test. First, the court was not persuaded that economic performance had occurred; there was simply not enough

evidence for the court to conclude that $65,000 in professional services were provided in 1994. Buttressing this decision was the fact that none of the services Olbres claimed that Coupounas had provided were specialized or numerous enough to be valued at $65,000. Second, because of the lack of an invoice and Olbres's inability to articulate the basis of the $65,000 fee, the court found that the amount of the fees owed could not have been determined with reasonable accuracy when the deduction was taken.

We affirm the Tax Court's holding on both grounds. Since Coupounas has been so lackadaisical in pursuing payment for these alleged debts, it is fair to infer that, to put it mildly, their value was distorted for tax purposes. Moreover, the services Olbres testified that Coupounas performed could not reasonably have been valued at $65,000.[2]

The absence of documentation also makes it unlikely that the amount owed could have been determined with reasonable accuracy. There was no evidence as to how many hours Coupounas worked or to his billing rate for accounting or legal services. Olbres, the president and sole shareholder of Interex, testified

---

[2] Interex argues that it was error for the tax court not to allow a deduction for a lesser amount. However, petitioner, who bore the burden, did not produce any evidence concerning the hours Coupounas worked, how his time was divided among the various tasks he performed, or what a reasonable billing rate for these activities would be. The tax court did not have enough evidence before it to determine the proper value to attach to any services Coupounas allegedly performed in 1994.

she did not even know of the existence of the debt until August 1998. Even if Interex had introduced evidence that Coupounas had provided services that might possibly be worth $65,000, the accrued amount could not have met the "all events" test, and been properly deducted, until there was enough information to determine the value of those services.

In sum, the petitioner did not present enough credible evidence to shift the burden to the IRS to prove that the "all events" test had not been met.

B.  Recusal

Interex argues that the tax court judge should have granted its motion for recusal. "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). We uphold the trial judge's discretion to hear the case "unless such decision 'cannot be defended as a rational conclusion supported by a reasonable reading of the record.'" Cigna Fire Underwriters Co. v. MacDonald & Johnson, Inc., 86 F.3d 1260, 1271 (1st Cir. 1996) (quoting In re United States, 666 F.2d 690, 695 (1st Cir. 1981)).

On the day of trial, after testimony had been heard, the judge commented that "before the trial, before [Olbres's] testimony, frankly, I thought that the case should be resolved on the basis of Interex conceding the deduction and Respondent

conceding the penalty."  The judge also noted, after offering to reopen the record for Coupounas's testimony, that "I don't think it would change the result in this case."  The petitioner argues that these comments reflect a lack of impartiality.  They do not.

These comments were made after the judge had heard testimony from both parties.  The petitioner suggests that the first comment indicates that the judge had an opinion on this case before trial, but that is not surprising; this case included stipulated facts and documents presented to the court before trial. If they signify anything at all, the comments suggest that the judge had reached an opinion of the case after consideration of the facts.  And that is, after all, not merely the prerogative but the duty of a judge.  We affirm the denial of the motion for recusal.

The judgment of the tax court is **<u>affirmed</u>**.