# United States Court of Appeals

## For the First Circuit

---

No. 02-2540

HOLLY RUOCCO,

Petitioner, Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES TAX COURT

[Hon. Mary Ann Cohen, U.S. Tax Court Judge]

---

Before

Boudin, Chief Judge,
Lynch and Howard, Circuit Judges.

---

Holly Ruocco on brief pro se.
Eileen J. O'Connor, Assistant Attorney General, Laurie Snyder
and Richard Farber, Attorneys, Tax Division, Department of Justice,
on brief for appellee.

---

October 9, 2003

---

**Per Curiam**.  Petitioner Holly Ruocco appeals from a Tax Court judgment that dismissed her challenge to tax deficiencies for the years 1996 and 1997.  Underlying the dispute is an income-tax-avoidance scheme once exploited by a number of taxpayers, mostly in the Arizona area.  This has given rise to a flurry of litigation, and the identical arguments now advanced by petitioner have been repeatedly rejected--both by the Tax Court and, in a series of unpublished decisions, by the Ninth Circuit Court of Appeals.  See, e.g., Lehmann v. Commissioner, 2003 WL 21186558 (9th Cir. 2003) (mem.).  We affirm substantially for the reasons enumerated by the Tax Court, adding only the following observations.

The Tax Court dismissed the petition here for lack of prosecution, citing petitioner's refusal to engage in the fact-stipulation process and her failure to present evidence.  Petitioner's objections to this ruling prove unavailing.  Her blanket claim of Fifth Amendment privilege did not justify her inaction.  See, e.g., Eicher v. United States, 774 F.2d 27, 29 (1st Cir. 1985).  She is also mistaken in insisting that the burden of proof lay with respondent.  See, e.g., Delaney v. Commissioner, 99 F.3d 20, 23 (1st Cir. 1996).  "The Commissioner's use of bank deposits is an accepted methodology" sufficient to "support the presumption of correctness." Estate of Kanter v. Commissioner, 337 F.3d 833, 859 (7th Cir.), petition for cert. filed, 72 U.S.L.W. 3129 (U.S. Aug. 4, 2003) (No. 03-184); accord, e.g., Dodge v.

-2-

Commissioner, 981 F.2d 350, 353-54 (8th Cir. 1992); Portillo v. Commissioner, 932 F.2d 1128, 1133-34 (5th Cir. 1991). And petitioner derives no benefit from Tax Court Rule 142(a)(1). See, e.g., Estate of Kanter, 337 F.3d at 851-52. Under the circumstances, the Tax Court acted well within its discretion in dismissing for want of prosecution. See, e.g., Larsen v. Commissioner, 765 F.2d 939, 941 (9th Cir. 1985) (per curiam); Long v. Commissioner, 742 F.2d 1141, 1142-43 (8th Cir. 1984) (per curiam); Miller v. Commissioner, 654 F.2d 519, 520-21 (8th Cir. 1981) (per curiam); Tax Court Rules 123(b), 149(b).

There was similarly no abuse of discretion in denying petitioner's motion for recusal. See, e.g., Interex, Inc. v. Commissioner, 321 F.3d 55, 60 (1st Cir. 2003).

We have considered petitioner's remaining arguments and find them unpersuasive.

Affirmed.