T.C. Memo. 2015-172

UNITED STATES TAX COURT

DONALD HILL AND JUDITH HILL, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 29213-13.                    Filed September 8, 2015.

<u>Carl D. Gensib</u>, for petitioners.

<u>Rachel L. Schiffman</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  The Internal Revenue Service (IRS or respondent) deter-mined deficiencies in petitioners' Federal income tax and related additions to

[*2] tax and penalties as follows for the tax years 2001, 2002, and 2003:[1]

|  |  | Fraud penalty | Addition to tax |
| Year | Deficiency | sec. 6663(a) | sec. 6651(a)(1) |
| 2001 | $38,877 | $28,598 | $9,533 |
| 2002 | 53,443 | 40,006 | 13,335 |
| 2003 | 25,523 | 19,142 | 6,381 |

This case was called from the calendar of the Court's New York (Newark) trial session on February 23, 2015. Neither petitioners nor their counsel appeared. Counsel for respondent appeared and filed a motion for default under Rule 123. This motion requested that we enter a default judgment against petitioners for the full amounts of the deficiencies, additions to tax, and penalties determined in the notice of deficiency.

On February 23, 2015, we ordered petitioners to show cause, on or before March 25, 2015, why respondent's motion for default should not be granted. This order was served on petitioners' counsel and separately on petitioners at their address of record. Neither petitioners nor their counsel has responded to our order to show cause.

---

[1]All statutory references are to the Internal Revenue Code in effect for the tax years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*3]   Since filing their petition, petitioners have refused to participate in this case in any way.  They have failed to respond to numerous orders of this Court.  They failed to appear for trial.  And they failed to respond to the Court's order to show cause why the motion for default should not be granted.  Petitioners have admitted or are deemed to have admitted all salient facts, and we will accordingly grant respondent's motion for default.

## Background

In 2008 petitioners filed late Federal income tax returns for 2001, 2002, and 2003.  These returns reported minimal or no gross income--$8,915 for 2001, $1,201 for 2002, and zero for 2003.  On December 5, 2013, following an examination, the IRS issued petitioners a statutory notice of deficiency for all three years.[2]

---

[2]The defense of the statute of limitations must be affirmatively pleaded (which petitioners did not do) and thus they have conceded any challenge to the timeliness of the notice of deficiency.  See Rule 39.  In any event, the notice was timely under section 6501(c)(1), which provides that, "[i]n the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed * * * at any time."  Even if petitioners' 2001, 2002, and 2003 returns had not been fraudulent, the notice of deficiency would still have been timely under section 6501(e).  That section provides a six-year period of limitations where the taxpayer omits from gross income (as petitioners did) an amount that "is in excess of 25 percent of the amount of gross income stated in the return."  Sec. 6501(e)(1)(A)(i).

- 4 -

**[\*4]**   The notice determined deficiencies based on petitioners' failure to report retirement plan distributions that they received in 2001, wages that petitioner-wife received in 2001 and 2002, and income that petitioner-husband received as a mortgage broker in all three years. The notice also determined, for all three years, late-filing additions to tax under section 6651(a)(1) and fraud penalties under section 6663(a).

While residing in New Jersey, petitioners filed a timely petition in this Court. Petitioners did not dispute their receipt of unreported income as determined by respondent, nor did they explicitly dispute respondent's determination that they had engaged in fraud. Rather, petitioners alleged only that the "IRS failed to permit the deduction of ordinary and necessary business expenses" and that the "penalties imposed were improper and excessive." Petitioners stated, as the facts on which they relied:

> [The] taxpayers were pressured to file delinquent returns by Revenue Officer Larry Bell. Taxpayers filed returns based upon tax transcript provided by revenue officer. Revenue officer did not indicate that any sources of income had been reported to taxpayer Judith Hill. Returns as adjusted by IRS do not take into consideration all ordinary and necessary expenses incurred by taxpayers to generate revenues.

On February 7, 2014, respondent filed an answer that denied petitioners' allegations and made a number of "affirmative allegations" to which petitioners

**[*5]** have failed to reply. In paragraph 8 of the answer, respondent made the following allegations concerning petitioners' fraudulent intent:

a) The petitioners fraudulently and with intent to evade taxes for the taxable year 2001, filed a false income tax return for the year 2001 by failing to include retirement income received by petitioner, Judith Hill during the year 2001, in the amount of $11,447.00 from the Guardian Insurance and Annuity Company.

b) The petitioners fraudulently and with intent to evade taxes for the taxable year 2001, filed a false income tax return for the year 2001 by failing to include the tax on the premature distribution from a retirement plan received by petitioner, Judith Hill during the year 2001, in the amount of $1,145.00.

c) The petitioners fraudulently and with intent to evade taxes for the taxable years 2001 and 2002, filed false tax returns for the years 2001 and 2002, by failing to include wage income received by petitioner, Judith Hill during the year 2001, in the amount of $26,066.00 from Novotel Princeton and Silver Hotels Princeton and during the year 2002, in the amount of $19,768.00 from Silver Hotels Princeton.

d) Petitioner, Donald Hill failed to maintain adequate books and income records for his activities as a mortgage broker.

e) Petitioners fraudulently and with intent to evade taxes for the taxable years 2001, 2002, and 2003 filed false tax returns for those years by failing to include income received from Mortgage USA.

f) Petitioners fraudulently and with intent to evade taxes for the taxable years 2001, 2002, and 2003 filed false tax returns for those years by failing to include as income amounts deposited into the petitioners' bank account.

**[\*6]**  In paragraphs 8(g), (h), (i), and (j) of his answer, respondent provided a detailed list of bank deposits that petitioners made during 2001-2003, all representing commissions that petitioner-husband received from his employment as a mortgage broker.  Paragraph 8 of respondent's answer made these additional affirmative allegations:

> (l)  Petitioners Donald Hill and Judith Hill's fraudulent omission of specific items of income on their income tax returns filed for 2001, 2002 and 2003 is a part of a three year pattern of intent to evade taxes.
>
> (m)  Petitioners understated their taxable income on their income tax returns for the taxable years 2001, 2002 and 2003, in the amounts of $138,270.00, $189,916.00 and $113,329.00, respectively.
>
> (n)  Petitioners understated their income tax liabilities on their income tax returns for the taxable years 2001, 2002 and 2003 in the amounts of $38,130.00, $53,341.00, $25,523.00, respectively.
>
> (o)  Petitioners' failure to produce records or other information * * * to respondent in connection with the examination of their income tax returns for the taxable years 2001, 2002 and 2003, was fraudulent with intent to evade tax.
>
> (p)  Petitioners fraudulently, and with intent to evade tax, omitted from their income tax returns for the taxable years 2001, 2002 and 2003, income in the amounts of $150,883.00, $208,859.00 and $136,524.00, respectively.
>
> (q)  Petitioners fraudulently, and with intent to evade tax, omitted from their income tax returns for the taxable years 2001, 2002 and 2003, self-employment tax in the amounts of $12,807.00, $15,195.00 and $13,959.00, respectively.

**[*7]** Petitioners did not file a reply to respondent's answer, and they have not otherwise controverted any of the affirmative allegations set forth therein. Indeed, neither petitioners nor their counsel has communicated with respondent's counsel or with the Court since this case was docketed. On September 23, 2014, the Court notified petitioners that this case was set for trial in New York (Newark Session) on February 23, 2015. This notice stated: "The calendar for that Session will be called at that date and time, and the parties are expected to be present and to be prepared to try the case. Your failure to appear may result in dismissal of the case and entry of decision against you."

The Court concurrently issued a pretrial order in this case, informing the parties that they should "begin discussing settlement and/or preparation of a stipulation of facts as soon as practicable" and ordering that "all facts shall be stipulated (agreed upon in writing) to the maximum extent possible." The order informed the parties that "[i]f a complete stipulation of facts is not ready for submission at the start of the trial * * *, and if the Court determines that this is due to lack of cooperation by either party, the Court may order sanctions against the uncooperative party." The order informed petitioners of their obligation to file a pretrial memorandum with the Court and to exchange with respondent, at least 14 days before trial, any non-stipulated documents that they expected to use at trial.

**[\*8]** The parties were warned that "[t]he Court may impose appropriate sanctions, including dismissal, for any unexcused failure to comply with this Order."

By letter dated October 22, 2014, respondent invited petitioners to a conference at respondent's Newark office. The purpose of this meeting, scheduled for November 18, 2014, was to discuss the case, exchange relevant information, and begin to prepare the case for trial. Neither petitioners nor their counsel replied to this letter or attended the conference.

On December 8, 2014, respondent served on petitioners requests for admission. These requests asked petitioners to admit the facts, as set forth above, that respondent had affirmatively alleged in his answer. These requests advised petitioners that, "pursuant to Tax Court Rule 90, a written answer to these requests must be filed with the Tax Court and a copy served on * * * [respondent's counsel] within 30 days after service of these requests for admission." Neither petitioners nor their counsel responded to this request. As a result, all of the affirmative allegations set forth in respondent's answer, including his allegations of fraud, are deemed admitted under Rule 90(c).[3]

---

[3]Rule 90(c) provides that "[e]ach matter is deemed admitted unless, within 30 days after service of the request * * *, the party to whom the request is directed serves upon the requesting party: (1) A written answer specifically admitting or denying the matter involved in whole or in part, or asserting that it cannot be

(continued...)

**[*9]** Respondent also served on petitioners a request for production of documents. When petitioners ignored this request, respondent moved to compel petitioners to produce these documents. On January 14, 2015, the Court granted respondent's motion, ordering petitioners to produce the requested documents or file appropriate objections by January 27, 2015. We warned petitioners that, if they did "not fully comply with the provisions of this order, the Court will be strongly inclined to impose sanctions pursuant to Tax Court Rule 104, which may include deeming certain facts to be established for the purpose of trial, or dismissal of this case and entry of a decision against petitioners."

Neither petitioners nor their counsel responded to this order. By order dated February 23, 2015, we made absolute our January 14, 2015, order, ruling that, "pursuant to Tax Court Rule 104(c), petitioners are deemed to have no documents to support their position on the matters that were the subject of respondent's discovery requests, and the facts alleged by respondent as to these matters shall be taken as established."

This case was called from the calendar of the Court's New York (Newark) trial session on February 23, 2015. Neither petitioners nor their counsel appeared.

---

[3](...continued)
truthfully admitted or denied and setting forth in detail the reasons why this is so; or (2) an objection, stating in detail the reasons therefor."

**[\*10]** Counsel for respondent appeared and filed a motion for default judgment. The Court ordered petitioners to show cause, by March 25, 2015, why respondent's motion should not be granted. That order was served separately on petitioners' counsel and on petitioners at their address of record. Neither petitioners nor their counsel has responded to the order or otherwise communicated with the Court.[4]

## Discussion

Under Rule 123(a), the Court may hold a party in default if he has "failed to plead or otherwise proceed as provided by these Rules or as required by the Court." Rule 123(b) gives the Court broad discretion to dismiss a case "[f]or failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient." We have construed Rule 123 liberally to permit entry of a judgment of default or dismissal consistently with our sound discretion and the interests of justice. See Stringer v. Commissioner, 84 T.C. 693, 706 (1985), aff'd without published opinion, 789 F.2d 917 (4th Cir. 1986). We have entered judgments of default or dismissal

---

[4]Petitioners' attorney did not cooperate with respondent in preparing this case for trial, failed to respond to several orders of this Court, and failed to appear for trial. Rule 201(a) requires practitioners before the Court to "carry on their practice in accordance with the letter and spirit of the [ABA] Model Rules of Professional Conduct."

[*11] where a taxpayer (among other things): (1) unreasonably refused to stipulate facts or the authenticity of documents, Long v. Commissioner, 742 F.2d 1141 (8th Cir. 1984); (2) failed to comply with Court-ordered discovery, Rechtzigel v. Commissioner, 79 T.C. 132 (1982), aff'd per curiam, 703 F.2d 1063 (8th Cir. 1983); or (3) failed to appear at trial, Ritchie v. Commissioner, 72 T.C. 126 (1979).

Petitioners have demonstrated their refusal to participate in this proceeding in these and numerous other ways. As we have previously stated: "If a taxpayer does not think well enough of his case to defend it where the government has the burden of proof, this Court should default him. To hold a trial in a case abandoned by the taxpayer is at best an indulgence of archaic manners and at worst an insult to the taxpayers who have a rightful claim on this Court's time." Bosurgi v. Commissioner, 87 T.C. 1403, 1408 (1986).

Respondent bears some degree of burden concerning each issue in this case, and we must determine whether he has carried these burdens before entering judgment in his favor. While the Commissioner's determinations as to a taxpayer's tax liability are generally presumed correct, see Rule 142(a), in cases involving receipt of unreported income respondent has the initial burden of providing some predicate evidence connecting the taxpayer with the income-producing activity, see,

**[\*12]** e.g., De Cavalcante v. Commissioner, 620 F.2d 23, 27 (3d Cir. 1980), aff'g T.C. Memo. 1978-432; Balice v. Commissioner, T.C. Memo. 2015-46, at \*9. With respect to additions to tax under section 6651, respondent bears the burden of production. See sec. 7491(c). With respect to fraud penalties under section 6663, respondent bears the burden of proof by clear and convincing evidence. See sec. 7454(a); Rule 142(b). Respondent can satisfy these burdens by relying on the taxpayer's deemed admissions and on facts deemed established. See Rule 90(c); Nis Family Trust v. Commissioner, 115 T.C. 523, 528 (2000).

On the record before us, it is clear that petitioners have "failed to plead or otherwise proceed" within the meaning of Rule 123(a). They failed to cooperate with respondent in stipulating facts or preparing for trial and repeatedly refused to provide discovery. They have ignored multiple Court orders, including an order to show cause why we should not grant the default motion currently before us. And they failed to appear for trial, of which they were given more than sufficient advance notice.

After reviewing the entire record, we conclude that the facts that are deemed to have been established, combined with the affirmative allegations of fraud that petitioners are deemed to have admitted under Rule 90(c), collectively satisfy

**[\*13]** respondent's burdens of production and proof as to every issue in this case.[5]

The Court will therefore grant respondent's motion for default judgment and enter a decision against petitioners with respect to all deficiencies, additions to tax, and penalties determined in the notice of deficiency.

To reflect the foregoing,

<u>An order granting respondent's motion and decision for respondent will be entered</u>.

---

[5]Specifically, respondent's analysis of check deposits and other documents sufficiently connects petitioners with their unreported income, and respondent clearly established that petitioners' returns were filed late. Petitioners' deemed admissions, in addition to admitting fraud itself, establish numerous badges of fraud, including a multi-year pattern of deliberately omitting income from their tax returns, a consistent failure to keep required books and records, and a pattern of thoroughly uncooperative behavior when interacting with respondent and throughout the course of this proceeding. See, e.g., Smith v. Commissioner, 91 T.C. 1049, 1059-1060 (1988), aff'd, 926 F.2d 1470 (6th Cir. 1991); Ford v. Commissioner, T.C. Memo. 2005-101, 89 T.C.M. (CCH) 1139, 1142.